IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, #1290750, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:25-CV-1785-E-BK |
| FNU LNU, DEFENDANT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *pro se* Plaintiff Arthur Joyal Barker's letter request for permission to file a lawsuit under 42 U.S.C. § 1983 was automatically referred to the United States magistrate judge case management, including the issuance of findings and a recommended disposition when appropriate. Doc. 2. Having been previously sanctioned for improperly challenging his aggravated robbery conviction in Case No. F-0435305, Barker seeks permission to file a civil rights action attacking his 80-year sentence. Upon review of the pleadings and applicable law, the motion for leave to file should be **DENIED**.

In 2011, the United States Court of Appeals for the Fifth Circuit sanctioned Barker $200 and barred him "from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Barker*, No. 10-11253 (5th Cir. Feb. 2, 2011). Barker sought permission to proceed after sanction, but the Fifth Circuit twice

denied his request and imposed additional $50 sanctions. *In re Barker*, No. 11-90027 (5th Cir. Aug. 1, 2011); *In re Barker*, No. 11-90032 (5th Cir. Aug. 1, 2011).

Barker now seeks leave to file a new civil rights action under 42 U.S.C. § 1983 to challenge his 2005 sentence for aggravated robbery in Case No. F-0435305. Doc. 2 at 1. He alleges that his "life sentence of 80 years is illegal [and] not authorized by Texas laws or Constitutions[.]" Doc. 2 at 1.

Even when liberally construed, Barker's motion for leave to file does not assert any facts that warrant granting permission to file a § 1983 action that is, essentially, barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Fifth Circuit's sanction orders. The *Heck* doctrine bars civil rights claims that "necessarily imply the invalidity" of a conviction or sentence unless that conviction or sentence has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487. And Barker is barred from seeking leave from the Court of Appeals for the Fifth Circuit before he can file a successive application challenging his conviction or sentence.

Accordingly, Barker's motion for leave to file should be **DENIED** and this case should be **ADMINISTRATIVELY CLOSED** based on the Fifth Circuit's sanction orders in *In re Barker*, Nos. 10-11253, 11-90027, and 11-90032.

**SO RECOMMENDED** on July 18, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).